| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

MARK IDROGO, JR., §
　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:24-CV-30
　　　　　　　　　　　　　　　§
CRITICAL, LLC and TAVION §
LADONTE MENARD, §
　　　　　　　　　　　　　　　§
　　　　　Defendants. §

### MEMORANDUM AND ORDER

Pending before the court are the parties' Agreed Motion to Remand (#6), wherein the parties agree that this court may lack subject matter jurisdiction, and Plaintiff Mark Idrogo, Jr.'s ("Idrogo") Opposed Motion to Remand (#5), in which he contends that complete diversity of citizenship is lacking. Having considered the motions, the record, and the applicable law, the court is of the opinion that this case should be remanded.

Idrogo filed this action on November 7, 2023, in the 58th Judicial District Court of Jefferson County, Texas. Idrogo's claims arise from a motor vehicle collision that occurred on Interstate 10 between his vehicle and a vehicle owned by Defendant Critical, LLC ("Critical") and operated by its employee, Defendant Tavion Ladonte Menard ("Menard"). Idrogo's Original Petition (#2) named Critical as the only defendant and asserted various negligence claims. Idrogo's Original Petition also clarified that both he and Critical were citizens of Florida. Idrogo later filed his First Amended Petition (#3), adding Menard as a defendant to the action. Shortly thereafter, Menard removed the action to this court. Menard's claimed basis for removal was diversity of citizenship jurisdiction, and, in the notice, he alleged that complete diversity exists

among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Nonetheless, in his Notice of Removal (#1), he also agreed that Idrogo is a citizen of Florida and correctly noted, albeit for the wrong reason, that Critical is also a citizen of Florida.  As for his own citizenship, Menard stated that he is a citizen of Louisiana.  After Menard removed the action, Idrogo filed an Opposed Motion to Remand, in which he contends that complete diversity of citizenship is lacking.  While Menard did not file a response to Idrogo's motion, all parties later filed their Agreed Motion to Remand.  The Agreed Motion to Remand is, however, equivocal, stating:  "After further review, the parties agree that this Court *may* lack subject matter jurisdiction over this action or that remanding the case to state court would serve the interests of justice and judicial economy."

      Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).  In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of filing and the date of removal.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013).  When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  Menard's purported basis for removal, federal diversity jurisdiction, requires complete diversity of citizenship between all plaintiffs and

all defendants and the amount in controversy to exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Because the parties do not dispute the amount in controversy requirement, the only issue here is complete diversity. As noted above, Idrogo resides in Florida, and, thus, all parties agree that he is a citizen of Florida. Critical too is a citizen of Florida. "[T]he citizenship of a LLC is determined by the citizenship of all of its members," *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), and Critical's two members are citizens of Florida. Menard's notice of removal concedes that both Idrogo and Critical are citizens of Florida. Because Idrogo and Critical are both citizens of Florida, and Menard has failed to satisfy his burden of showing the contrary, complete diversity does not exist. The fact that Menard is a citizen of Louisiana does not alter this result. As such, because diversity of citizenship is Menard's purported basis for removal and complete diversity of citizenship is not present, this court lacks subject matter jurisdiction over the case.

In sum, an evaluation of the relevant facts and controlling law reveals that this court lacks subject matter jurisdiction over this action, as there is neither a federal question presented nor complete diversity of citizenship between the parties. Therefore, this case was improvidently removed, and remand is warranted. Accordingly, Idrogo's Opposed Motion to Remand (#5) and the parties' Agreed Motion to Remand (#6) are GRANTED.

This case is REMANDED to the 58th Judicial District Court of Jefferson County, Texas.

IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 15th day of March, 2024.

*(signature: Marcia A. Crone)*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE